IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES JOSEPH GREEN,

                Plaintiff,

     vs.                                      Case No. 22-3125-SAC

MONTGOMERY COUNTY JAIL,
and AMBER HARKY,

                Defendants.

MEMORANDUM AND ORDER

        The plaintiff James Joseph Green ("Green") has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 using the required court-provided forms. ECF# 1. Green appears to reside currently at Montgomery County Jail, Independence, Kansas. Green alleges that the defendant Amber Harky, a Coffeyville community corrections officer, belittled him at job sites, before his mother, and over the telephone by yelling and cussing "to get" him to go to the drug treatment center. He also alleges that Harky misrepresented the reasons for why he left drug treatment. He complains generally that Harky's actions are unprofessional, unethical, and belittling of others. The plaintiff appears to seek monetary relief as in "payment" for himself, and he also asks to be released from community corrections.

**Statutory Screening Standards of Prisoner Complaints**

        A court must screen prisoners' complaints which seek relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The screening court must dismiss the entire complaint or any part of it that, "is frivolous, malicious, or fails to state a claim upon which relief can be

granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

The same standard used for Fed. R. Civ. P. 12(b)(6) motions is used for § 1915 dismissals, and this includes the language and meaning taken from *Twombly* and its "plausibility" determination. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). The Tenth Circuit has made clear, "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's

2

complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

**Analysis of Complaint**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). For a § 1983 claim, the analysis begins by identifying the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). The validity of the claim then must be judged by reference to the specific constitutional standard which governs that right. *Id*. A viable § 1983 claim must show how each named defendant caused a violation of the plaintiff's constitutional rights. *Walker v. Mohiuddin*, 947 F.3d 1244, 1249 (10th Cir. 2020). "[A] complaint must make clear exactly who is alleged to have done what to whom." *Robbins v. State of Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). Conclusory allegations of involvement are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Section 1983 provides a remedy for federal violations committed by "persons" acting under the authority of state law. The law is clear and well established on the following:

> Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99-4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18,

3

1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983.").

*Robinson v. Sedgwick County Jail*, No. 22-3047-SAC, 2022 WL 888134, at *3 (D. Kan. Mar. 25, 2022). Furthermore, under K.S.A. § 19-105, all suits by or against a county shall be brought by or against the board of county commissioners. This court has held that a governmental subunit such as a county jail, which does not have the authority to sue or be sued, is not a "person" that may be sued for violations of § 1983. See *Rohan v. Saline County Jail*, 19-3068-SAC, 2019 WL 1922161, at *2 (D. Kan. Apr. 30, 2019). The plaintiff's claims against Montgomery County Jail are dismissed.

The plaintiff does not allege what constitutional right or rights have been violated by Officer Harky's actions. The complaint vaguely refers to Green's "civil rights" being violated by Harky not performing her job "properly" or "correctly" and by Harky yelling and screaming at him in front of others in a manner that was unethical, unprofessional, and belittling. ECF# 1, pp. 1-4. The complaint indicates that officer Harky allegedly engaged in this behavior over the telephone or at job sites. *Id*. Green further alleges that Harky's statements were slanderous and defamed his character. *Id*. at p. 2.

The court is not free to construct a legal theory on the plaintiff's behalf. If Plaintiff chooses to file an amended complaint, he must identify the constitutional right or rights he believes were violated and must allege sufficient facts to state a claim for relief. Allegations of rude, improper, unethical, and unprofessional staff conduct by Officer Harky are insufficient to state any claim of constitutional significance. The Eighth Amendment, applicable to the states through the Fourteenth Amendment, prohibits the infliction of cruel and unusual punishment on prisoners,

*Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991). The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. at 298. The plaintiff here fails to allege deliberate indifference by defendant Harky to a substantial risk of serious harm to plaintiff's health or safety. *See Helling v. McKinney*, 509 U.S. 25 (1993)(stating Eighth Amendment standard). To allege a constitutional claim of harassment, the plaintiff must set out facts showing the objective component, that is, the harassment was objectively serious as to cause unnecessary and wanton infliction of pain, and showing the subjective component, that is, the defendant acted with deliberate indifference to a substantial risk of serious harm to the inmate. *See Joseph v. U.S. Federal Bureau of Prisons*, 232 F.3d 901 (Table), 2000 WL 1532783, at *1-2 (10th Cir. 2000); *see also, e.g., Barney v. Pulsipher*, 143 F.3d 1299, 1310, 1312 (10th Cir. 1998).

Allegations of impropriety and unprofessional conduct do not suffice as factual allegations of intentional or reckless misconduct. This court has summarized the general law in this way.

> In general, verbal harassment or abuse is insufficient to state a constitutional deprivation in a jail setting. *See Tate v. Wiggins*, 2020 WL 882880 *3 (3rd Cir. 2/24/2020)(offensive comments from prison guard); *McBride [v. Deer]*, 240 F.3d [1287] at 1291 n.3 [((10th Cir. 2001)] (verbal threats and taunts); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)(simple verbal harassment does not constitute cruel and unusual punishment, deny a liberty interest or deny equal protection of the laws); *Cotton v. Isaacson*, 1991 WL 55866 *1 (10th Cir. 4/5/1991)(slander alone does not violate the Constitution); *Rivera v. Garfield County Sheriff's Department*, 2015 WL 10015375 *5 (W.D. Okla. 12/14/2015)(verbal abuse and offensive comments).

*Ward v. Lyon County Sheriff's Dept.*, No. 20-3062-SAC, 2020 WL 2735751, at *4 (D. Kan. May 26, 2020); *see Norton v. The City of Marietta, OK*, 432 F.3d 1145, 1155 (10th Cir. 2005) ("officer's disparaging remarks about an inmate clearly do not give rise to a constitutional violation."). The Tenth Circuit has found that "[m]ere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" *Alvarez v. Gonzales*, 155 Fed. Appx. 393, 396 (10th Cir. 2005) (finding no constitutionally protected right where plaintiff claimed guard antagonized him with sexually inappropriate comment) (quoting *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992)). "[U]nprofessional comments are just that—unprofessional—they do not rise to the level of a constitutional violation." *Seawood v. McBrayshaw*, No. 20-3271-SAC, 2021 WL 877002, at *4 (D. Kan. Mar. 9, 2021).

At the same time, the court recognizes that perhaps there may be situations where a guard's alleged verbal abuse could be so significant as to constitute cruel and unusual punishment:

> Inmates have long had a clearly established right to be free from intentionally inflicted psychological torment and humiliation unrelated to penological interests. *Hudson v. Palmer*, 468 U.S. 517, 530, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (mentioning the Eighth Amendment protects against "calculated harassment unrelated to prison needs"); *King v. McCarty*, 781 F.3d 889, 892 (7th Cir. 2015) (reversing dismissal; inmate plausibly alleged see-through jumpsuit that exposed his genitals during transfer to new prison had no penological purpose and only intended to humiliate and inflict psychological pain in violation of Eighth Amendment); *Beal* [*v. Foster*], 803 F.3d [696] at 359 [(7th Cir. 2015)](jury could find correctional officer's verbal and nonverbal harassment was cruel and unusual because it "may have made him a pariah to his fellow inmates and inflicted significant psychological harm"); *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009) (reversing summary judgment for prison guards in light of inmates' allegations of strip searches publicly conducted in cold room with guards who did not change their latex gloves and made demeaning comments to inmates; genuine dispute over whether searches

> "were conducted in a harassing manner intended to humiliate and cause
> psychological pain"). However, "not every psychological discomfort a prisoner
> endures amounts to a constitutional violation." *Calhoun* [*v. DeTella*], 319 F.3d
> [936] at 939 [(7th Cir. 2003)].

*Leiser v. Kloth*, 933 F.3d 696, 703 (7th Cir. 2019), *cert. denied,* 140 S. Ct. 2722

(2020). This means that "simple or complex, most verbal harassment by jail or prison

guards does not rise to the level of cruel and unusual punishment. But some does;

. . . ." *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (rejects notion that verbal

harassment can never amount to cruel and unusual punishment and notes that if a

plaintiff may allege intentionally inflicted psychological pain that is sufficiently

significant, direct, hurtful, and devastating as to be cruel and unusual). Green has not

alleged any details about what Harky intentionally said to inflict psychological harm

and about how Harky's comments and yelling caused him any significant psychological

harm. Feeling belittled or shame is not enough. In short, the plaintiff's complaint is

subject to dismissal in alleging only that officer Harky acted inappropriately

unprofessionally in yelling and making disparaging comments that belittled and

disrespected the plaintiff. These general allegations do not reach the magnitude of a

constitutional violation as required to state a claim under § 1983.

In seeking some kind of "payment" or monetary relief, ECF# 1, p. 5, the

plaintiff cannot state an actionable claim by alleging only verbal abuse that caused

embarrassment, emotional pain, and mental stress. Mental or emotional stress,

without physical injury, is insufficient to state a § 1983 claim based on conditions of

confinement. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a

prisoner confined in a jail, prison, or other correctional facility, for mental or

emotional injury suffered while in custody without a prior showing of physical

injury."); *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) ("As to [plaintiff's] claim for emotional distress, no § 1983 action can be brought unless the plaintiff has suffered physical injury in addition to mental and emotional harms.") (citing 42 U.S.C. § 1997e(e)). The plaintiff has not alleged any physical injury from Harky's actions. As for alleging that Harky made comments to or about other inmates, the plaintiff cannot rely on those comments but must show he personally suffered an "injury related to the conduct" being challenged. *Hope v. Glover*, No. 20-00082-DN-PK, 2021 WL 3207896, at *3 (D. Utah Jul. 29, 2021) (citing *Nat'l Counsel for Improved Health v. Shalala*, 122 F.3d 878, 882 (10th Cir. 1997)(a plaintiff cannot assert the rights of those not before the court)).

Along with monetary relief, plaintiff asks for immediate release from custody in his request for relief. Doc. No. 1, p. 5. The Supreme Court, however, has held that when a state prisoner seeks immediate release or a speedier release from imprisonment, "his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Therefore, plaintiff cannot state such a claim for release from prison in this § 1983 action. *Loggins v. Pilshaw*, 838 Fed. Appx. 323, 327 (10th Cir. 2020), *cert. denied*, 142 S. Ct. 1202 (2022).

The plaintiff also alleges generally slander and defamation of character. State law violations are not grounds for relief under § 1983. "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (citation omitted). This Court is not obliged to exercise supplemental jurisdiction over any state law claims, even if valid, given that plaintiff's federal constitutional claims are subject to dismissal. See 28 U.S.C. §

1367(c)(3). "[A] district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial." *Foxfield Villa Assocs., LLC v. Robben*, 967 F.3d 1082, 1103 (10th Cir. 2020) (internal quotation marks and citation omitted), *cert. denied*, 141 S. Ct. 1385 (2021).

For all the reasons stated above, the plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. The plaintiff is required to show good cause why his complaint should not be dismissed for the reasons stated herein. He is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. This amended complaint is to be proper and complete alleging only properly joined claims and defendants, alleging sufficient facts to state a claim for a federal constitutional violation legally and factually viable in federal court, and alleging sufficient facts to show personal participation by each named defendant. If the plaintiff does not file his good-cause response and/or her amended complaint within the prescribed time, this matter will be decided based upon the current deficient complaint and may be dismissed without further notice.

IT IS THEREFORE ORDERED that the plaintiff is granted until July 27, 2022, in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why his complaint should not be dismissed for the reasons stated herein, and is also granted until July 27, 2022, in which to file a complete and proper amended complaint curing all the deficiencies discussed herein. The plaintiff's

9

failure to file a good-cause response and/or his amended complaint by July 27, 2022, will result in the court deciding this matter based upon the current deficient complaint and dismissing without further notice.

Dated this 29th day of June, 2022, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge