IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES JOSEPH GREEN,

           Plaintiff,

    vs.                        Case No. 22-3125-SAC

MONTGOMERY COUNTY JAIL,
and AMBER HARKY,

           Defendants.

MEMORANDUM AND ORDER

        The court screened the plaintiff James Joseph Green's ("Green's") *pro se* civil rights complaint and gave him until July 27, 2022, either to show cause in writing why his complaint should not be dismissed for the stated reasons or to file a proper amended complaint curing all discussed deficiencies. ECF# 4. Green's original complaint alleged that the defendant Amber Harky, a Coffeyville community corrections officer, belittled him at job sites, before his mother, and over the telephone by yelling and cussing "to get" him to go to the drug treatment center. Green alleged that Harky misrepresented the reasons for why he left drug treatment and engaged in unprofessional and unethical conduct that belittled others.

        In response to the show cause order, Green first filed an amended complaint that does not address or cure any pleading deficiencies discussed in the court's show cause order. ECF# 6. He also has filed a motion to appoint counsel (ECF# 7) and a motion to appoint counsel and motion to supplement amended complaint (ECF# 8).

There is no constitutional right to the appointment of counsel in a civil matter. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil action remains in the district court's discretion. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The party asking for counsel to be appointed must persuade the court that the claims presented have sufficient merit to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2016). It is not enough "that having counsel appointed would have assisted [the movant] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citation omitted). Thus, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). After reviewing the record, the court finds the appointment of counsel here is not warranted, as the plaintiff's claims lack sufficient merit and are not unusually complicated. Green's motions for appointment of counsel are denied.

Green's amended complaint (ECF# 6) names as defendants, the Montgomery County Jail ("Jail") and C/O Lingo, and it alleges no more than disjointed and random conclusions ranging from human feces on his cell's walls and ceiling, black mold in the facility, bugs on his food tray, to the lack of medical staff on weekends, no mental health care, inadequate medical care, insufficient staff, and leaking roof. ECF# 6. Green's motion to supplement his amended complaint seeks to add allegations that unnamed jail staff had denied his requests for medical attention which caused Green to attempt suicide. ECF# 8. Apparently, the plaintiff no longer

intends to pursue the action he originally filed against defendant Harky but now wants to pursue a different action based on an entirely new set of claims involving different occurrences and different individual defendants. The court's rules preclude the plaintiff from taking this course.

In the filing of an amended complaint, the plaintiff must comply with Rules 18 and 20 of the Federal Rules of Civil Procedure. Rule 18(a) provides that, "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Rule 18(a) permits a plaintiff to bring multiple claims against a defendant. In this case, the court has already dismissed the Jail, because it is not a "person" acting under the authority of state law within the meaning of 42 U.S.C. § 1983. ECF# 4, pp. 3-4 (and cases cited therein). Thus, the plaintiff's amended complaint seeks to add claims that require joining additional parties. To do this, the plaintiff's claim must comply with Fed. R. Civ. P. 20(a)(2) which states that defendants may be joined in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Thus, this court has said:

> "While joinder is encouraged for purposes of judicial economy, the 'Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues.'" *Golston v. Correct Care Solutions*, 2012 WL 2119983 *3 (D. Kan. 6/11/2012)(quoting *Zhu v. Countrywide Realty Co., Inc.*, 160 F.Supp.2d 1210, 1225 (D. Kan. 2001)). Accordingly, "'[u]nrelated claims against different defendants belong in different suits, not only to prevent [a confusing morass of claims] but also to ensure that prisoners pay the required filing fees.'" *Id*. at *8 (quoting *George v. Smith*, 507 F.3d 605, 507 (7th Cir. 2007) and citing *Smith v. Kirby*, 53 Fed. Appx. 14, 16 (10th Cir. Dec. 9, 2002)(finding no abuse of discretion where

district court denied leave to amend or supplement the complaint where the "new claims were not relevant to the claims before that court...."). See also, *McLemore v. Saline County Sheriff's Office*, 2016 WL 3522048 *3-5 (D. Kan. 6/28/2016)(denying joinder of claims not related to original complaint brought by a county jail inmate); *Harvey v. Rohling*, 2011 WL 4585256 *7 (D. Kan. 9/12/2011)(denying joinder of disciplinary claims to other claims arising from prisoner's confinement).

*Anderson v. Easter*, No. 19-3257-SAC, 2020 WL 2306616, at *3 (D. Kan. May 8, 2020) (dismissing amended complaints from county jail inmate seeking "to improperly add numerous unrelated claims against different defendants to the claims alleged in the original complaint."). These decisions establish that Green is procedurally precluded from pursuing his amended complaint as alleged. Additionally, the plaintiff's amended complaint (ECF# 6) and his supplemental allegations (ECF# 8) are so lacking in factual detail that they fail to state a plausible claim of a constitutional violation. An amended complaint supersedes the original complaint and contains all claims a plaintiff wants to bring in his action. *Davis v. TXO Production Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991). Thus, the amended complaint and supplemental allegations here seek to improperly add numerous unrelated claims against different defendants to the claims alleged in the original complaint. The amended complaint shall be dismissed.

The court shall dismiss the plaintiff's claims without prejudice. Because he has been adequately warned in the prior order about the requirements for stating a claim for relief, Green will not be given another opportunity to amend his complaint.

IT IS THEREFORE ORDERED that the plaintiff's amended complaint (ECF# 6) is dismissed without prejudice, and his motion to appoint counsel (ECF# 7) and

4

motion to appoint counsel and to supplement amended complaint (ECF# 8) are denied.

Dated this 4th day of August, 2022, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge